IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rocmon Gardner,<br><br>                Plaintiff,<br><br>v.<br><br>Officer Charlie Michael Long,<br><br>                Defendant. | Civil Action No. 8:09-2563-TLW-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff who is represented by retained counsel seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the Court on the Defendant's Motion to Dismiss. (Dkt. # 14.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on September 29, 2009, seeking damages for alleged civil rights violations. On November 23, 2009, the Defendant filed a Motion to Dismiss. On December 8, 2009, the Plaintiff filed a response opposing the motion.

**FACTS PRESENTED**

In his Complaint, the Plaintiff alleges that on October 8, 2007, the police were called to a residence by the Plaintiff's father, Sammy Frazier, in regards to a "misunderstanding."

The Defendant Officer Charlie Michael Long responded and directed Frazier to sit on the car. The Plaintiff alleges his mother moved toward her husband and the Defendant grabbed and handcuffed his mother and then threw her to the ground and dragged her. The Plaintiff alleges he tried to calm down his mother and told her to go along with the Defendant. He alleges he told the Defendant not to hurt his mother. The Plaintiff further alleges that when he complained to the Defendant about his mother, the Defendant arrested him and charged him with obstruction of justice. This charge was subsequently reduced to a disorderly conduct charge and the Plaintiff was found not guilty. (Compl. at 1.)

In his Complaint, the Plaintiff alleges six causes of action against the Defendant: 1) Violation of Fourth Amendment Rights; 2) False Arrest; 3) Malicious Prosecution; 4) Battery I; 5) Violation of First Amendment Rights; and 6) Violation of Due Process Rights. (Comp.) The Plaintiff specifically alleges that the claims for violations of his First and Fourth Amendment rights are being brought pursuant to § 1983. Reviewing the Due Process Claim, it also appears to be brought pursuant to §1983. The remaining claims are being raised as state law claims. The Plaintiff is seeking actual and punitive damages and costs, including attorney's fees.

## APPLICABLE LAW

**MOTION TO DISMISS STANDARD**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft*

*v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the court must construe factual allegations in the nonmoving party's favor and treat them as true, the court need not treat the complaint's legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir. 1994); *Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir.1996) (in 12(b)(6) analysis, court need not accept plaintiff's "unwarranted deductions" or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted). In deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985).

## **DISCUSSION**[1]

The Defendant contends that the Plaintiff's Complaint should be dismissed with prejudice because the Plaintiff has failed to state a plausible claim. (Def.'s Mot. to Dismiss at 3; 8.) As noted above, to withstand a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P, a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability

---

[1]As noted above, in deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. Both parties have made references to other actions filed by members of the Plaintiff's family. However, matters outside the pleadings were not considered by the undersigned in analyzing the Defendant's Motion to Dismiss.

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotations omitted). Examining whether a complaint states a plausible claim for relief is "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint fails to state a claim. *Id.* The plaintiff's factual allegations, in short, must show that the plaintiff's claim is "plausible," not merely "conceivable." *Id.* at 1951.

In applying this standard, a district court is required to " 'accept as true all of the factual allegations contained in the complaint. . . .' " *Twombly,* 127 S.Ct. at 1965. The court is additionally required to "draw[ ] all reasonable . . . inferences from those facts in the plaintiff's favor. . . ." *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999). Additionally, the undersigned notes that under Rule 8, FRCP, a plaintiff is only required to give "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957); *Twombly,* 127 S.Ct. 1955.

As the Defendant states the factual allegations in the Complaint are set forth in Paragraphs 5-9, quoted below verbatim:

> 5. That on or about the 8th day of October 2007, Sammy Frazier called the Gifford Police Department regarding a misunderstanding with his son, the Plaintiff. Defendant arrived at the residence and directed Sammy Frazier to sit on the car.

4

> 6. Plaintiff's mother moved toward her husband to have him get off the car. Defendant grabbed her, cuffed her, threw her to the ground, and dragged her across the ground. Mrs. Frazier suffers from a heart condition, and her daughter, Precious begged the Defendant to leaver her mother alone.
>
> 7. Plaintiff tried to calm his mother and to keep her from falling. He told her to go along with the Defendant and told the Defendant not to hurt his mother.
>
> 8. When Plaintiff complained to the Defendant about his mother, Defendant arrested the Plaintiff and handcuffed him. Plaintiff was charged with obstruction of justice which was changed to disorderly conduct. Plaintiff was incarcerated at the Hampton County Detention Center until the next morning.
>
> 9. Defendant prosecuted the Plaintiff in Municipal Court, where Plaintiff was found not guilty.

(Compl. at 1.)

The Defendant contends that the Plaintiff's Complaint should be dismissed as the Plaintiff has not stated a claim upon which relief can be granted. The Defendant contends that the more likely cause of the Defendant's actions was that while the Defendant was effectuating an arrest, "the Plaintiff attempted to intervene by getting between [the Defendant] and the suspect, obstructing the arrest. (Def.'s Mem. Supp. Mot. to Dismiss at 4.) The Defendant further states the Complaint lacks plausibility and that the "Plaintiff has done nothing more but present a fabricated story of a rogue cop who abuses, batters and intimidates an innocent family." *Id*.

With the above legal principles and arguments in mind, the undersigned now turns to the individual claims alleged by the Plaintiff in his Complaint.

**Section 1983 Claims -**

    **1) First Amendment Claim**

The Plaintiff alleges the Defendant violated his First Amendment Rights. The First Amendment right to free speech includes not only the affirmative right to speak but also the right to be free from retaliation by a public official for the exercise of that right. *Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 685 (4th Cir. 2000). The initiation of criminal charges and subsequent arrest constitute conduct that would deter a person of ordinary firmness from exercising his constitutional rights. *See Blankenship v. Manchin,* 471 F.3d 523, 531 (4th Cir. 2006). *See also McCormick v. City of Lawrence*, 253 F.Supp.2d 1172, 1197 (D.Kan. 2003) (holding that "the threat of arrest by a police officer is exactly the sort of act that would deter a person of ordinary firmness from exercising his or her First Amendment right to orally challenge that officer").

"The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers," and, thus, arresting a person solely on the basis of speech that questions or opposes police action violates the First Amendment. *City of Houston v. Hill*, 482 U.S. 451, 462-63. Indeed, "[t]he freedom of individuals verbally to oppose or challenge police action without risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Id.* at 463. In so finding, the Supreme Court recognized that "in the face of verbal challenges to police action, officers . . . must respond with restraint." *Id.* at 471. At the same time, the Supreme Court and the court of appeals have observed that " '[t]he freedom verbally to challenge police action is not without limits. . . .' " *Wilson v. Kittoe*, 337 F.3d 392, 401 (4th Cir. 2003) (*quoting Hill*, 482 U.S. at 463).

In order to make out a claim under § 1983 based on retaliation for protected speech, a plaintiff must demonstrate that 1) his or her speech was protected, 2) the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech, and 3) a causal relationship exists between the speech and the defendant's retaliatory action. *Suarez,* 202 F.3d at 685-86. If probable cause exists, an argument that an arrestee's speech rather than the criminal conduct was the motivation for the arrest must fail. *Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008). Furthermore, a judge's subsequent dismissal of the charge for insufficient evidence does not prove the absence of probable cause for the arrest or summons. *Taylor,* 81 F.3d at 433

Reviewing the allegations in the complaint, the undersigned concludes that while the allegations are not lengthy, the Plaintiff has sufficiently alleged that 1) he was engaged in protected speech, 2) his arrest effectively silenced his speech, and 3) the Defendant arrested him as a result of that speech. The Plaintiff specifically alleges: "When Plaintiff complained to the Defendant about his mother, Defendant arrested the Plaintiff . . ." (Compl. ¶ 8.) Clearly, the Plaintiff is alleging that his speech resulted in his arrest. As stated above, however, the Defendant contends that the more likely cause of the Defendant's actions was that while the Defendant was effectuating an arrest, "the Plaintiff attempted to intervene by getting between [the Defendant] and the suspect, obstructing the arrest. (Def.'s Mem. Supp. Mot. to Dismiss at 4.)

The undersigned cannot determine based solely on the allegations in the Complaint whether the Defendant had probable cause to arrest the Plaintiff. *Middleton v. City of New York*, 2006 WL 1720400, at *6 (E.D.N.Y. June 19, 2006) (denying motion to dismiss, after drawing all inferences in favor of plaintiff regarding whether the police were aware of

information that raised doubt about a victim's veracity, and holding that the court could not determine as matter of law that defendants had probable cause to arrest plaintiff).  The facts and circumstances within the Defendant's knowledge at the time of the arrest are not properly before the court on this motion to dismiss.

The Defendant further states the Complaint lacks plausibility and that the "Plaintiff has done nothing more but present a fabricated story of a rogue cop who abuses, batters and intimidates an innocent family." *Id*.   However, the Plaintiff alleges facts which must be accepted as true, including protest activity targeting the Defendant, that could plausibly have been an impetus for the Defendant to retaliate. Although the undersigned is convinced that the vast majority of police officers do not engage in conduct violative of the constitution, such conduct is certainly plausible.  Taking these allegations as true, the Plaintiff has sufficiently alleged the three necessary elements to make out a violation of a constitutional right with respect to his first amendment retaliation claim.  *Lowe v. Spears,* 258 Fed.Appx. 568 (4th Cir. 2007)(holding the facts as alleged in the complaint supported the claim of arrest without probable cause where the allegations were that officer arrested the plaintiff for exercising his freedom of speech, not for the crimes of illegal parking or obstructing a law enforcement officer.)  Therefore, the First Amendment claim should not be dismissed.

**2) Fourth Amendment Claims**

In a § 1983 action, claims of false arrest, false imprisonment, and malicious prosecution should all be analyzed as unreasonable seizures under the Fourth Amendment.  *Curtis v. Devlin*, 2005 WL 940571 (E.D.Va.  2005).  To state a § 1983 malicious prosecution claim, a plaintiff must show:  1) the initiation or maintenance of a

proceeding against the plaintiff by the defendant; 2) termination of that proceeding favorable to the plaintiff; 3) lack of probable cause to support that proceeding; and 4) the defendant's malice." *Lambert v. Williams,* 223 F.3d 257, 260 (4th Cir. 2000). Reviewing the allegations and accepting them as true as the undersigned must in analyzing this motion to dismiss, up until the point of the arrest, the Plaintiff was never told to leave or refrain from any actions. As discussed above in the context of the Plaintiff's First Amendment claim, the Plaintiff also sufficiently alleges that his arrest was without probable cause. These same allegations are also sufficient to state a claim of actual malice as well. *See Rounseville v. Zahl,* 13 F.3d 625, 631 (2d Cir.1994) ("the existence of malice may be inferred from a finding that defendants lacked probable cause to initiate criminal proceedings."). The undersigned finds the Plaintiff's claim to be plausible based on the allegations contained in the Complaint that the Defendant arrested him without probable cause.

### 3) Due Process Claim

The plaintiff alleges a separate claim that the Defendant violated his Due Process rights. However, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (*quoting Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Fourth Amendment, as discussed above, provides an explicit textual source of constitutional protection to Plaintiff, so any reliance on the Due Process Clause is misplaced. A claim under the Due Process Clause would be redundant. Therefore, the Due Process Clause claim should be dismissed.

9

**State Law Claims**

    **1) False Arrest**

False imprisonment is "deprivation of a person's liberty without justification." *Caldwell v. K-Mart Corp.,* 410 S.E.2d 21, 23 (S.C. Ct.App.1991). To prevail on a claim for false imprisonment, the plaintiff must establish: 1) the defendant restrained the plaintiff, 2) the restraint was intentional, and 3) the restraint was unlawful. *Gist v. Berkeley County Sheriff's Dep't*, 521 S.E.2d 163 (S.C. Ct.App.1999). The first two elements are not in dispute: when the Defendant arrested the Plaintiff, the Defendant restrained the Plaintiff and the restraint was intentional. The issue is wether the Plaintiff has alleged sufficient facts to support the third element or that the restraint or arrest was unlawful. Determining whether an arrest was lawful turns on wether there was probable cause to make the arrest. *Wortman v. Spartanburg,* 425 S.E.2d 18 (S.C. 1992). Again, reviewing the allegations and accepting them as true, the undersigned finds the Plaintiff's claim to be plausible based on the allegations contained in the Complaint that the Defendant arrested him without probable cause.

    **2) Malicious Prosecution**

Under South Carolina state law, "to maintain an action for malicious prosecution, a plaintiff must establish: 1) the institution or continuation of original judicial proceedings; 2) by or at the instance of the defendant; 3) termination of such proceedings in plaintiff's favor; 4) malice in instituting such proceedings; 5) lack of probable cause; and 6) resulting injury or damage." *Parrott v. Plowden Motor Co.*, 143 S.E.2d 607, 608 (S.C. 1965). The Plaintiff has clearly alleged facts to support each element: he was arrested for obstruction of justice by the Defendant and found not guilty. He has also sufficiently alleged malice

and lack of probable cause as discussed above. Finally, the Plaintiff has sufficiently alleged damages. The undersigned finds the Plaintiff's claim to be plausible based on the allegations contained in the Complaint that the Defendant arrested him without probable cause.

**3) Battery**

The undersigned could not find a South Carolina case directly on point. Generally, however, a police officer is not liable for assault and battery based upon the officer's lawful arrest of a person, where there was no use of excessive force, unreasonable contact, or the threat of unreasonable contact by the officer. *See* Am.Jur. Assault and Battery § 98. Therefore, these claims cannot be determined until the lawfulness of the arrest is determined.

The court finds that the Plaintiff has stated a claim for battery inasmuch as he has alleged that the Defendant acted intentionally and an offensive contact occurred. Although the Defendant may have a defense for his conduct in that, as he contends, he was conducting a lawful arrest, this issue is better reserved for consideration upon a motion for summary judgment after both parties have had an opportunity to participate in discovery. At the motion to dismiss stage of litigation, the question is simply whether the Plaintiff has stated a plausible claim upon which relief can be granted. The court finds that the Plaintiff has done so.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendant's Motion to Dismiss (Dkt. # 14) be DENIED in part and GRANTED in part. Only the Plaintiff's third cause of action,

11

the due process claim, should be dismissed with prejudice. Alternatively, the undersigned recommends that the Plaintiff be given an opportunity to amend his complaint.[2]

**IT IS SO RECOMMENDED.**

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

February 24, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

---

[2] Ordinarily, a plaintiff may be granted "leave [to amend,] . . . when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962). In fact, "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep . . . may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id*. at 182-83.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).