IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Rocmon Gardner, ) | Civil Action No.: 8:09-2563-TLW-BHH |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Officer Charlie Michael Long, ) | |
| Defendant. ) | |

The Plaintiff, who is represented by retained counsel, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the Court on the Defendant's Summary Judgement Motion. (Dkt. # 25.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on September 29, 2009, seeking damages for alleged civil rights violations. On June 24, 2010, the Defendant filed a Motion for Summary Judgment. (Dkt. # 25.) On July 22, 2010, the Plaintiff filed a response opposing the motion. (Dkt. # 29.)

**FACTS**

In his Complaint, the Plaintiff alleges that on October 8, 2007, the police were called to a residence by the Plaintiff's father, Sammy Frazier, regarding a "misunderstanding." (Compl. ¶ 5.) The misunderstanding was over the family car and Sammie Frazier and his son, the Plaintiff, had been arguing loudly outside their home. (Pl.'s Dep. at 50-51.) When the Defendant Officer Charlie Michael Long arrived, Sammie told him that the Plaintiff had

hit him with the car. (Def.'s Aff. ¶ 7; Diane Frazier Dep. 51, 58; Sammie Frazier Dep. 36.) The Defendant called EMS to the scene, and he separated the three individuals involved, the plaintiff, Sammie Frasier, and Diane Frasier. (Def.'s Aff. ¶ 8.) He asked Sammie Frazier to sit on the car. *Id.*

The Defendant avers that Diane walked over to Sammie and slapped him. (Def.'s Aff. ¶ 9.) The Plaintiff does not deny his mother slapped his father, but simply states his mother moved toward her husband and that they were arguing when the Defendant grabbed his mother, handcuffed her, and threw her to the ground dragging her. (Pl.'s Dep. at 51; Compl. ¶ 6.) The Plaintiff alleges he tried to calm down his mother and told her to go along with the Defendant. (Compl. ¶ 7.) In his Complaint, he alleges he told the Defendant not to hurt his mother. (Compl. ¶ 8.) The Plaintiff further alleges that when he complained to the Defendant about his mother, the Defendant arrested him for aggravated assault, disorderly conduct, and obstruction of justice. (Compl. ¶¶ 7-8; Pl.'s Mem. Opp Summ. J. Mot. at 5; Def.'s Reply Mem. Ex. B.) The assault and obstruction of justice charges were dismissed and the Plaintiff was found not guilty of the disorderly conduct charge. (Compl. ¶¶ 8-9; Pl.'s Mem. Opp Summ. J. Mot. at 5.)

In his Complaint, the Plaintiff alleges the following causes of action against the Defendant: 1) Violation of Fourth Amendment Rights; 2) False Arrest; 3) Malicious Prosecution; 4) Battery I; 5) Violation of First Amendment Rights. (Comp.)[1] The Plaintiff specifically alleges that the claims for violations of his First and Fourth Amendment rights are being brought pursuant to § 1983. The remaining claims are being raised as state law

---

[1] The Plaintiff also alleged a claim for violation of his due process rights. However, on March 19, 2010, United States District Court Judge Terry L. Wooten dismissed this claim. (Dkt. # 20.)

claims. The Plaintiff is seeking actual and punitive damages and costs, including attorney's fees. *Id*.

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this

standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**DISCUSSION**

The Defendant contends that he should be granted summary judgment on the Plaintiff's claims. The undersigned agrees.

The undersigned notes that in his memorandum opposing the Defendant's Summary Judgment Motion, the Plaintiff specifically lists the disputed facts as follows:

> 1) Plaintiff clearly spoke up about his mother's being assaulted and arrested, telling her, "I'm telling my mama to go ahead. I was going to get her out. And then he locked me up. Yeah." (Plaintiff's Depo. p. l. 9-13);
>
> 2) Plaintiff argued with his father, but did not do so in the presence of the Defendant where the Defendant could hear him; and
>
> 3) Plaintiff did not get in between Defendant and his mother.

(Pl.'s Mem. Opp. Summ. J. Mot. at 2.)

**Section 1983 Claims**

1) First Amendment Claim

The Plaintiff alleges the Defendant violated his First Amendment Rights. The First Amendment right to free speech includes not only the affirmative right to speak but also the right to be free from retaliation by a public official for the exercise of that right. *Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 685 (4th Cir. 2000). The initiation of criminal charges and subsequent arrest constitute conduct that would deter a person of ordinary firmness from exercising his constitutional rights. *See Blankenship v. Manchin,* 471 F.3d 523, 531 (4th

4

Cir. 2006). *See also McCormick v. City of Lawrence*, 253 F.Supp.2d 1172, 1197 (D.Kan. 2003) (holding that "the threat of arrest by a police officer is exactly the sort of act that would deter a person of ordinary firmness from exercising his or her First Amendment right to orally challenge that officer").

"The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers," and, thus, arresting a person solely on the basis of speech that questions or opposes police action violates the First Amendment. *City of Houston v. Hill,* 482 U.S. 451, 462-63 (emphasis added). Indeed, "[t]he freedom of individuals verbally to oppose or challenge police action without risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *Id.* at 463. In so finding, the Supreme Court recognized that "in the face of verbal challenges to police action, officers . . . must respond with restraint." *Id.* at 471. At the same time, the Supreme Court and the court of appeals have observed that " '[t]he freedom verbally to challenge police action is not without limits. . . .' " *Wilson v. Kittoe,* 337 F.3d 392, 401 (4th Cir. 2003) (*quoting Hill*, 482 U.S. at 463).

Therefore, in order to make out a claim under § 1983 based on retaliation for protected speech, the Plaintiff must demonstrate that 1) his speech was protected, 2) the Defendant's alleged retaliatory action adversely affected the Plaintiff's constitutionally protected speech, and 3) a causal relationship exists between the speech and the Defendant's retaliatory action, or arrest. *Suarez ,* 202 F.3d at 685-86. "[E]xcept for certain narrow categories deemed unworthy of full First Amendment protection-such as obscenity, 'fighting words' and libel-all speech is protected by the First Amendment." *Eichenlaub v. Twp. of Indiana,* 282-83 (3d Cir. 2004). If an officer arrests person in response to words that "are neither fighting words nor obscenity" the arrest violates person's "first amendment right to speak freely." *Bailey v. Andrews,* 811 F.2d 366, 372 (7th Cir.1987). However, if

5

probable cause for the arrest exists, an argument that an arrestee's speech rather than the criminal conduct was the motivation for the arrest must fail. *Mesa v. Prejean,* 543 F.3d 264, 273 (5th Cir. 2008). Additionally, a judge's subsequent dismissal of the charge for insufficient evidence does not prove the absence of probable cause for the arrest or summons. *Taylor,* 81 F.3d at 433.

The Defendant contends that the Plaintiff's speech was not protected speech because it was not directed at the Defendant. In his Complaint, the Plaintiff alleges he told the Defendant not to hurt his mother. The Plaintiff further alleges that when he complained to the Defendant about his mother's treatment during her arrest, the Defendant arrested him and charged him with obstruction of justice. However, the Plaintiff stated in his deposition that he tried to de-escalate the situation and reason with his mother and was arrested for his comments to her. He specifically states numerous times that he did not say anything to the Defendant and that he spoke only to his mother. He told her to cooperate and he would bail her out. While the Plaintiff was not criticizing the Defendant for his treatment of the Plaintiff's mother and he spoke only to his mother, his speech was "neither fighting words nor obscenity" and thus was protected speech within the meaning of the First Amendment.

However, there is no evidence that the Defendant acted with intent to inhibit the Plaintiff's speech. Rather, the evidence shows that the Defendant was merely trying to maintain control of the scene, where the Plaintiff and his family were acting in a loud and agitated manner, people had gathered (Diane Frazier Dep. 58), Sammie claimed the Plaintiff had hit him with the family's car, and Diane continued to argue with Sammie after being instructed to remain separate from him by the Defendant. *Id.* Furthermore, the undersigned finds, as discussed below, that the Defendant had probable cause to arrest the Plaintiff precluding a casual connection between the Plaintiff's speech and his arrest.

6

In determining whether an officer had probable cause for an arrest, the facts are examined to determine whether, when "'viewed from the standpoint of an objectively reasonable police officer, [they] amount to' probable cause." *Maryland v. Pringle,* 540 U.S. 366, 371 (2003) (*quoting Ornelas v. United States*, 517 U.S. 690, 696 (1996)). Furthermore, the court notes that it must determine if probable cause existed at the time of the arrest based upon all of the circumstances. Probable cause exists if " at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91 (1964); *see Henry v. United States,* 361 U.S. 98 (1959) (holding only facts and circumstances known at time of arrest may be used to support a finding of probable cause). A totality-of-circumstances test is employed to determine probable cause. *Illinois v. Gates*, 462 U.S. 213 (1983).

"As its name suggests, probable cause involves probabilities - judgment calls that are tethered to context and rooted in common sense." *United States v. White,* 549 F.3d 946, 947 (4th Cir.2008). To prove an absence of probable cause to arrest under the Fourth Amendment, the arrestee must allege a set of facts which make it unjustifiable for a reasonable officer to conclude he is violating the law. *Brown v. Gilmore,* 278 F.3d 362 (4th Cir. 2002).

The fact that a jury saw fit to acquit the Plaintiff does not mean, of course, that there was not probable cause to initiate the prosecution in the first place. The undersigned finds that the Defendant could have reasonably concluded that the Plaintiff had assaulted his father or that his behavior constituted public disorderly conduct; thus establishing probable cause sufficient to justify arresting him.

First, as for the aggravated assault charge, it is undisputed that Sammie Frasier told the Defendant that the plaintiff had attempted to run over him or had hit him with the family car. The Plaintiff argues that the Defendant knew this was a lie. (Pl.'s Mem. Opp. SUmm. Jud. Mot. at 6.) At the time of the Plaintiff's arrest, the Defendant did not know that Sammie was not telling the truth. It was the Plaintiff's word against his father's word in a highly charged atmosphere.

The Plaintiff cites *Goodwin v. Metts*, 885 F2d 157,162 (4th Cir. 1989), in which the court held that "a person who places before prosecuting officer information upon which criminal proceedings are begun, and who later acquires additional information casting doubt upon the accused's guilt, should be under an obligation to disclose his discovery to the prosecutor." However, this case is inapplicable here. There is no evidence in the record that the Defendant did withhold exculpatory information which would have terminated the criminal proceedings in this action as was the case in *Goodwin.*

Second, the Plaintiff's arrest for disorderly conduct was a result of the Plaintiff's use of profane language on a highway in violation. S.C. Code Ann. ¶16-17-530 set forth the definition of disorderly conduct as follows:

> Any person who shall (a) be found on any highway or at any public place or public gathering in a grossly intoxicated condition or otherwise conducting himself in a disorderly or boisterous manner, (b) use obscene or profane language on any highway or at any public place or gathering or in hearing distance of any schoolhouse or church . . . .

The evidence establishes that the Plaintiff was using profanity or obscene language in a loud verbal altercation with his father on the highway in front of their house. (Sammie Frazier Dep. 37; Pl.'s Dep. 47-48; Def.'s Aff. ¶ 6.) Clearly, the Defendant had probable cause to arrest the Plaintiff for disorderly conduct.

8

Having concluded that the Defendant had probable cause to arrest the Plaintiff for at least one charge, the undersigned need not decide whether the Defendant also had probable cause to arrest the Plaintiff for each charge. *See Barry v. Fowler,* 902 F.2d 770, 773 n. 5 (9th Cir.1990) (holding that an officer must have probable cause for at least one charge for an arrest to withstand a Fourth Amendment challenge); *Edwards v. City of Philadelphia,* 860 F.2d 568, 575-576 (3d Cir.1988) (same) (*citing Linn v. Garcia,* 531 F.2d 855, 862 (8th Cir.1976)). So long as he had probable cause for some offense, the arrest was proper. "[P]robable cause need only exist as to any offense that could be charged under the circumstances." *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3rd 1994). *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995) ("If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails.") For fourth-amendment purposes, an arrest on multiple charges is a "single transaction," and probable cause will be found to exist, so long as it existed for at least one offense. *See Calusinski v. Kruger,* 24 F.3d 931 (7th Cir.1994)(holding that at the time of the arrest police officers need probable cause that a crime has been committed, not that the criminal defendant committed all of the crimes for which he or she is later charged.).

2) Fourth Amendment Claims

In a § 1983 action, claims of false arrest, false imprisonment, and malicious prosecution should all be analyzed as unreasonable seizures under the Fourth Amendment. *Curtis v. Devlin,* 2005 WL 940571 (E.D.Va. 2005). To state a § 1983 malicious prosecution claim, a plaintiff must show: 1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; 2) termination of that proceeding favorable to the plaintiff; 3) lack of probable cause to support that proceeding; and 4) the defendant's malice." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000). As discussed above in the context of the

Plaintiff's First Amendment claim, the Defendant had probable cause to arrest the Plaintiff and thus his claim fails.

3) Qualified Immunity

Alternatively, the undersigned finds that the Defendant is entitled to qualified immunity on the Plaintiff's federal claims.

Defendants sued for money damages for violations of constitutional rights are immune from suit under the doctrine of qualified immunity if, inter alia, the complaint fails to allege facts that give rise to the violation of a clearly-established constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known). Determining whether an official is entitled to qualified immunity generally requires a two-step inquiry. *See generally Pearson v. Callahan,* 555 U.S. ----, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). First, the court must inquire whether the right allegedly violated was clearly established at the time of the alleged offense.

There is no question that at the time of this incident, the rights to free speech and to be free from a false arrest absent probable cause were clearly established. Therefore, the court must determine whether the facts, taken in the light most favorable to the Plaintiff, indicate that a "police officer acting under the circumstances at issue reasonably could have believed that he had probable cause to arrest" the Plaintiff. *Sevigny v. Dicksey,* 846 F.2d 953, 956 (4th Cir.1988). "In order for qualified immunity to attach, it is not necessary that probable cause for an arrest actually exist. It is necessary only that the officer be objectively reasonable in believing that it is present." *Anderson v. Creighton,* 483 U.S. 635, 641 (1987). In evaluating the factual context, the reasonableness standard requires a court to focus on the circumstances as they appeared to exist at the time the events were unfolding,

affording interpretive latitude to official judgments. *Gooden v. Howard County,* 954 F.2d 960, 965 (4th Cir.1992); *Torchinsky v. Siwinski*, 942 F.2d 257, 261 (4th Cir. 1991). While the question of whether there exists probable cause to bring charges is often (as it is in this case) closely related to the question of whether qualified immunity may lie for the same activity, the two inquires are not identical. *See Mesa v. Prejean*, 543 F.3d 264, 271 (5th Cir. 2008) ("If there is no probable cause to arrest, the question of whether qualified immunity nonetheless applies is a separate legal and factual issue. [ . . . T]he analysis of fact that might not support probable cause needs to be distinguished from the analysis of whether a reasonable officer would have known that he was violating a clearly established law when making an arrest.")

Therefore, even where there are disputed issues of material fact as to whether probable cause exists to file charges, an officer may still be entitled to qualified immunity if he can establish that a reasonable officer could have believed that probable cause existed to arrest. *See, e.g., Anderson*, 483 U.S. at 638. *See also Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (holding "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity."); *Malley v. Briggs,* 475 U.S. 335, 341 (1986) (holding qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law.") The question becomes whether a reasonable officer in the Defendant's position would believe that the charges were pursued in violation of the Plaintiff's constitutional rights. To answer this question, the Court must look at the information possessed by the Defendant at the time of the arrest. *Harris v. Bornhorst,* 513 F.3d 503, 511 (6th Cir. 2008).

The Defendant believed he had probable cause to arrest the Plaintiff for disorderly conduct and assault, and this belief was not plainly incompetent or a knowing violation of the law. Therefore, the Defendant had "arguable probable cause" to arrest the Plaintiff.

As noted above, a crowd had gathered, the Plaintiff and his father had been fighting loudly and using profanity and there was an allegation that the Plaintiff had run over or hit his father with the car. A reasonable officer in the Defendant's position could have believed there existed enough probable cause to arrest the Plaintiff for aggravated assault and disorderly conduct. Additionally, a reasonable officer would not have thought that he was violating the Plaintiff's constitutional right to free speech because there were grounds for arresting the Plaintiff that involved action which had nothing to do with the Plaintiff's speech. The Defendant made a reasonable split-second decision in the heat of the moment, and he should be granted qualified immunity.

**State Law Claims**

The undersigned recommends that the Court decline to rule, pursuant to 28 U.S.C. 1367(c), on the remaining state law claims and instead order that those claims be dismissed without prejudice. Alternatively, these state claims fail on the merits as discussed below.

1) False Arrest

False imprisonment is "deprivation of a person's liberty without justification." *Caldwell v. K-Mart Corp.*, 410 S.E.2d 21, 23 (S.C. Ct.App.1991). To prevail on a claim for false imprisonment, the plaintiff must establish: 1) the defendant restrained the plaintiff, 2) the restraint was intentional, and 3) the restraint was unlawful. *Gist v. Berkeley County Sheriff's Dep't*, 521 S.E.2d 163 (S.C. Ct.App.1999). The first two elements are not in dispute: when the Defendant arrested the Plaintiff, the Defendant restrained the Plaintiff and the restraint was intentional. The issue is wether the Plaintiff has alleged sufficient facts to support the third element or that the restraint or arrest was unlawful. Determining whether an arrest was lawful turns on wether there was probable cause to make the arrest.

*Wortman v. Spartanburg*, 425 S.E.2d 18 (S.C. 1992). As discussed above, the undersigned finds that the Defendant had probable cause to arrest the Plaintiff and thus this clam fails.

2) Malicious Prosecution

Under South Carolina state law, "to maintain an action for malicious prosecution, a plaintiff must establish: 1) the institution or continuation of original judicial proceedings; 2) by or at the instance of the defendant; 3) termination of such proceedings in plaintiff's favor; 4) malice in instituting such proceedings; 5) lack of probable cause; and 6) resulting injury or damage." *Parrott v. Plowden Motor Co.*, 143 S.E.2d 607, 608 (S.C. 1965). Again, as discussed above, the undersigned finds that the Defendant had probable cause to arrest the Plaintiff and thus this clam fails.

3) Battery

The undersigned could not find a South Carolina case directly on point. Generally, however, a police officer is not liable for assault and battery based upon the officer's lawful arrest of a person, where there was no use of excessive force, unreasonable contact, or the threat of unreasonable contact by the officer. *See* Am.Jur. Assault and Battery § 98. The undersigned finds that the Defendant had probable cause to arrest the Plaintiff and thus he is not liable for an assault and battery, without any allegations of excessive force, which occurred during the Plaintiff's lawful arrest. Accordingly, this clam also fails.

Based on the foregoing, it is recommended that the Defendant's Motion for Summary Judgment (Dkt. # 25) be GRANTED and the Complaint be Dismissed with Prejudice

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 3, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

13